UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEON LIPPETT,<br><br>                     Plaintiff,<br><br>v.<br><br>JULIANA M. MARTINO,<br><br>                     Defendant. | Case No. 20-13043<br>Honorable Thomas L. Ludington<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16)**

**I.    Introduction**

Plaintiff Leon Lippett[1], a prisoner proceeding *pro se* proceeding *in forma pauperis*, sues nurse Juliana Martino of the Macomb Correctional Facility under 42 U.S.C. § 1983, alleging that she was deliberately indifferent to his serious medical needs by failing to treat an infection in his foot. ECF Nos. 1, 16. Martino moves for summary judgment, contending that Lippett failed to exhaust his administrative remedies. ECF No. 16. The Court agrees and recommends that her motion be granted.

---

[1] The caption for this case misspells plaintiff's name as "Lippelt."

1

## II. Analysis

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and must specify the portions of the record that show the lack of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (citation omitted) (emphasis in original). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford*, 548 U.S. at 97. Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97. Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The grievance procedure at issue is MDOC Policy Directive 03.02.130.  ECF No. 16-2.  The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step I grievance about any unresolved issues.  *Id.*, PageID.195, ¶¶ Q and W. The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.*, PageID.197, ¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due. *Id.*, PageID.198, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

"Grievances and grievance appeals at all steps shall be considered filed on the date sent by the grievant." *Id.*, PageID.195, ¶ T.  A grievance may be rejected if it is "filed in an untimely manner" or if the grievant did not try to resolve the issue with the staff member involved before filing the grievance unless prevented by circumstances outside of the grievant's

4

control. *Id.*, PageID.193, ¶ J(4) and (5). A prisoner who fails to file her grievance timely has not properly exhausted it. *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009) ("a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance."); *Colston v. Cramer*, No. 06-14842-BC, 2007 WL 1655413, at *3 (E.D. Mich. June 7, 2007) (holding that plaintiff failed to exhaust remedies when he did not file his grievance within the five-day period). Likewise, a prisoner who does not try to resolve the issue with the staff member involved before filing a grievance has failed to exhaust his administrative remedies. *Lyles v. Papendick*, 19-10673, 2020 WL 6390494, at *8 (E.D. Mich. May 8, 2020), *adopted*, 2020 WL 5557649 (E.D. Mich. Sept. 17, 2020).

Lippett filed grievance number 2019-05-00629-28I on April 21, 2019,[2] alleging that Martino consciously disregarded a known risk to his health and safety by neglecting to treat an infection in his foot, which she examined twice. ECF No. 16-1, PageID.188. After Martino examined Lippett's foot on March 18, 2019, Lippett waited five days to send a kite

---

[2] The grievance was marked as received on May 6, 2019, but as discussed below, the earlier April 21 date was still too late under PD 03.02.130. ECF No. 16-1, PageID.188.

5

about lack of proper treatment, and until April 21st to file a grievance on Martino's failure to treat his infection. *Id.*, PageID.188, 190; ECF No. 18, PageID.234, 242. Lippett's grievance was rejected because he made no attempt to resolve the issue with the staff member involved before filing the grievance. *Id.*, PageID.189. Lippett argues that he could not contact Martino directly and thus could not try to informally resolve the issue with Martino. ECF No. 18, PageID.243. Lippett also suggests that he did attempt to resolve the issue by submitting his kite on March 23, 2019. *Id.*, PageID.234. These arguments lack merit.

Even if Lippett's effort to resolve the issue would have been futile, he still could have tried. *See Lyles*, 2020 WL 6390494, at *7 (finding that prison rules require a grievant to attempt to resolve the issue, even if such attempt would be futile or fruitless). "At the very least…plaintiff could have sent a kite or letter to health care in an attempt to resolve his issue about inadequate medical care." *Id.* Lippett did make such an attempt with his March 23 kite, but it was more than two days after the March 18, 2019 examination.

More importantly, even if Lippett either satisfied or was excused from the attempt-to-resolve provision of PD 03.02.130 ¶Q, his grievance was still properly rejected as untimely. Martino examined Lippett's foot on March 18

6

and March 25, but he waited until April 21 to file his grievance. ECF No. 16-1, PageID.188, 190; ECF No. 18, PageID.234, 242. Lippett argues that he timely filed his grievance two days after receiving a copy of his medical records. But the period for filing a grievance is triggered by the date on which the prisoner learns of the grievable issue. ECF No. 16-2, PageID.195, ¶¶ Q and W.

Lippett knew about the grievable issue by March 23, when Lippett expressed concern that "something serious [was] developing" while Martino was "consult[ing] on treatment." *Id.*, PageID.234. He attests in his affidavit that, during his wound care callouts on March 26 and March 27, he raised his "concerns over the way the infection was continuing to progress, and the fact that [Martino] would not order…any pain medication, or send [him] out to be treated." *Id.*, PageID.242. Lippett could have filed a grievance about withheld medical care then, but he filed no grievance until April 21. The grievance was thus properly rejected as untimely, and Lippett failed to exhaust his administrative remedies. Summary judgment for Martino should be granted.

### III.   Conclusion

The Court **RECOMMENDS** that Martino's Motion for Summary Judgment be **GRANTED** and that Lippett's complaint be **DISMISSED**

7

**WITHOUT PREJUDICE**.

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: January 10, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 10, 2022.

                                   s/Marlena Williams
                                   MARLENA WILLIAMS
                                   Case Manager