UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEON LIPPETT,

               Plaintiff,

v.

JULIANA M. MARTINO, NP,
individually and in her official capacity,

               Defendant.

_____/

Case No. 1:20-cv-13043

Honorable Thomas L. Ludington
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (4) DISMISSING COMPLAINT WITHOUT PREJUDICE**

This matter is before this Court upon Plaintiff's objections to the Magistrate Judge's Report and Recommendation. This Court has reviewed *de novo* those portions of the R&R to which Plaintiff has objected. Plaintiff's objections will be overruled, the R&R will be adopted, Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Complaint will be dismissed without prejudice.

**I.**

Plaintiff Leon Lippett, a Michigan prisoner, has a history of infections in his left foot and brings this action under 42 U.S.C. § 1983 alleging that Defendant Julie Martino, a nurse practitioner at the prison, was deliberately indifferent to his serious medical needs by not treating one of his infections. ECF No. 1 at PageID.3.

**A.**

At a "follow-up chronic care appointment" on March 18, 2019, Plaintiff told Defendant that he had "another infection in his foot which had started a week prior." *Id*. Defendant examined Plaintiff's foot, told him it likely was a fungal infection, and said she would request an off-site podiatry evaluation for him. *Id* at PageID.22.

During the next 13 days, Plaintiff visited the prison's health-care center at least six times seeking treatment of the March 18 foot infection. *See id*. at PageID.3–8. On March 25, 2019, he not only told Defendant the infection was "continuing to spread" despite taking an antibiotic, but also requested a culture of the infection, which Defendant did not take. *Id.* at PageID.5–6. Plaintiff's condition worsened over the next two days, and at a return visit to the health-care center on March 27, 2019, a different health-care provider took a culture of the infection. *Id*. at PageID.7.

On April 1, 2019, after reviewing the culture-test results, the prison's health-care center diagnosed Plaintiff's foot infection and prescribed new antibiotics to treat it. *Id.* at PageID.8.

On April 17, 2029, he received a copy of his medical records, which he alleges made him aware that Defendant "consciously exposed him to a known risk" and thus "triggered" his § 1983 claim. ECF No. 23 at PageID.277–78.

**B.**

Plaintiff sued Defendant in November 2020, alleging she was deliberately indifferent to his medical needs. *Id*.

Defendant filed a motion for summary judgment arguing Plaintiff failed to exhaust his available administrative remedies under MDOC Policy Directive 03.02.130 ("the MDOC Policy") by not first attempting to resolve the issue with her before filing a grievance. ECF No. 16 at PageID.161.

Plaintiff responded that he attempted to resolve the issue with her before he submitted a written grievance. ECF No. 18 at PageID.229–30.

Defendant replied that Plaintiff nevertheless failed to exhaust his administrative remedies because he did not timely file the grievance. ECF No. 19 at PageID.253.

Magistrate Judge Elizabeth A. Stafford issued an R&R recommending that this Court grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's Complaint without prejudice because Plaintiff failed to exhaust his administrative remedies by (1) not attempting to resolve the issue with Defendant before filing a grievance as the MDOC Policy required and (2) filing a grievance that was untimely under the MDOC Policy. *See* ECF No. 21 at PageID.264.

Plaintiff filed two objections to the R&R: (1) he attempted to resolve the issue with Defendant before filing the grievance, and (2) his April 21, 2019 grievance was timely. ECF No. 23. As explained hereafter, both objections will be overruled.

## II.

### A.

A party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). If a party objects, then "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).

Failure to file specific objections constitutes a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept, to reject, or to modify the magistrate judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at *2 (E.D. Mich. Sept. 13, 2021).

## B.

A motion for summary judgment should be granted if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the initial burden of "identifying those portions of [the record that] it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The nonmovant must show more than "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the "mere existence of a scintilla of evidence" in support of the nonmovant does not establish a genuine issue of material fact. *Liberty Lobby*, 477 U.S. at 252.

The court must review the evidence and draw all reasonable inferences in favor of the nonmovant to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52; *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

- 4 -

Summary judgment will be granted if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. But summary judgment will be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted).

## C.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(1), inmates must properly exhaust administrative remedies before filing a lawsuit challenging prison conditions. *See* Allen E. Honick, Comment, *It's "Exhausting": Reconciling a Prisoner's Right to Meaningful Remedies for Constitutional Violations with the Need for Agency Autonomy*, 45 U. BALT. L. R. 155, 173–74 (2015) (citing *Woodford v. Ngo*, 548 U.S. 81, 82, 87 (2006)).

"Proper exhaustion" requires prisoners to use "all steps that the [prison] holds out, and doing so *properly*," including "compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

The PLRA's exhaustion requirement applies to "all inmate suits" brought under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

## III.

## A.

First, Plaintiff objects to Judge Stafford's finding that Plaintiff made no attempt to resolve the issue with Defendant before filing a grievance as required by the MDOC Policy. ECF No. 23 at PageID.272.

The relevant MDOC Policy provides as follows:

> Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of the grievable issue, unless prevented by circumstances beyond his/her control or if the issue is believed to fall within the jurisdiction of Internal Affairs. If the issue is not resolved, the grievant may file a Step I grievance.

ECF No. 16-2 at PageID.195.

Although Plaintiff states he became aware of the grievable issue on April 17, 2019, *see* ECF Nos. 18 at PageID.243; 23 at PageID.277, he made no later attempts to resolve the grievable issue with Defendant, which the MDOC Policy requires.

Plaintiff argues he should be excused from the attempt to resolve requirement because circumstances beyond his control prevented him from addressing the issue with Defendant. ECF No. 18 at PageID.224.

The MDOC Policy excuses a grievant from first attempting to resolve the issue with the staff member involved if the grievant is prevented from making such an attempt by "circumstances beyond his/her control." ECF No. 16-2 at PageID.195.

But that exception does not apply here because Plaintiff has not established that he was prevented from attempting to resolve the issue by circumstances beyond his control. Plaintiff contends that when he wrote his grievance "he was not aware of any possible means by which he could resolve the issue 'with the responsible official,' and the Defendant's have yet to suggest any available means for him to contact or speak to the Defendant before writing his grievance." ECF No. 18 at PageID.226. But not knowing how to contact Defendant was not a circumstance beyond Plaintiff's control. Indeed, he could have made *some* attempt to learn of how to contact Defendant, like an inquiry or request. But nothing in the record demonstrates that Plaintiff made such an attempt during the two days after April 17, 2019. The grievance process merely requires the

grievant to make an *attempt* to resolve the issue—even if "futile or fruitless"—yet Plaintiff did not. *See Lyles v. Papendick*, No. 19-10673, 2020 WL 6390494, at *7 (E.D. Mich. May 8, 2020) ("At the very least, it seems plaintiff could have sent a kite or letter to health care in an attempt to resolve his issue about inadequate medical care."), *R&R adopted*, No. 19-10673, 2020 WL 5557649 (E.D. Mich. Sept. 17, 2020).

Because Plaintiff has provided no evidence that he attempted to resolve the issue with Defendant within two days of becoming aware of the grievable issue on April 17, 2019, Plaintiff's first objection will be overruled, and the Magistrate Judge's R&R will be adopted in this regard.

## B.

Plaintiff also objects to Judge Stafford's finding that Plaintiff untimely filed his grievance. ECF No. 23 at PageID.276–77. The MDOC Policy requires the grievant to file a Step I grievance "within five business days after the grievant attempted to resolve the issue with appropriate staff." ECF No. 16-2 at PageID.195.

But this Court need not decide whether Plaintiff's grievance was timely because his grievance was properly rejected for not complying with the MDOC Policy to attempt to resolve the issue with Defendant. *See* ECF No. 16-1 at PageID.189; discussion *supra* Section III.A. The filing of a grievance that is "untimely or otherwise procedurally defective" is a failure to exhaust administrative remedies under the PLRA. *See Cook v. Caruso*, 2011 WL 768112, at *3 (E.D. Mich. 2011) (collecting cases). As indicated, Plaintiff has failed to exhaust.

Because Plaintiff's grievance is procedurally defective, Plaintiff's second objection will be overruled, and the Magistrate Judge's R&R will be adopted in this regard.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 23, are **OVERRULED**.

Further, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 21, is **ADOPTED**.

Further, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 23, 2022                          s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge